UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x
                                        :

OSHONYA SPENCER, CHARLES STRICKLAND, :
and DOUGLAS McDUFFIE on behalf of themselves :
and all others similarly situated,        :

                              :      NO. 3:05CV1681 (JCH)
         Plaintiffs,         :

                              :

THE HARTFORD FINANCIAL SERVICES  :
GROUP, INC., HARTFORD LIFE, INC.,     :
HARTFORD LIFE INSURANCE COMPANY,  :
HARTFORD ACCIDENT AND INDEMNITY  :
COMPANY, HARTFORD CASUALTY      :
INSURANCE COMPANY, HARTFORD      :
INSURANCE COMPANY OF THE MIDWEST and :
HARTFORD FIRE INSURANCE COMPANY  :

         Defendant.        :

---------------------------------------------------------------- x    DECEMBER 6, 2006

## ANSWER TO AMENDED COMPLAINT

Defendants The Hartford Financial Services Group, Inc. ("HFSG"), Hartford Life, Inc.

("Hartford Life"), Hartford Life Insurance Company ("Hartford Life Insurance"), Hartford

Accident and Indemnity Company ("Hartford Accident"), Hartford Casualty Insurance Company

("Hartford Casualty"), Hartford Insurance Company of The Midwest ("Hartford Midwest") and

Hartford Fire Insurance Company ("Hartford Fire") (collectively, "Defendants"), by their

undersigned attorneys, for their Answer to the correspondingly numbered paragraphs of the

Amended Complaint, allege as follows:

       1.     Admit that plaintiffs invoke jurisdiction on the grounds alleged in paragraph 1 of

the Amended Complaint.

2.      Deny, except admit that plaintiffs purport to seek damages in excess of $5 million and purport to represent a class, and aver that the citizenship of the proposed class is a question of law referred to the Court for ultimate determination.

3.      Deny, except admit that plaintiff Spencer entered into a settlement agreement with Hartford Midwest on or about November 29, 2004 (the "Spencer Agreement"), and respectfully refer the Court to the fully integrated Spencer Agreement attached as Exhibit 1 to the Affidavit of Charles E. Tebbe III, filed with this Court on June 14, 2006 (the "Tebbe Affidavit"), for the terms thereof.

4.      Deny, except admit that plaintiff Strickland entered into a settlement agreement with Hartford Casualty on or about December 10, 2003 (the "Strickland Agreement"), and respectfully refer the Court to the fully integrated Strickland Agreement attached as Exhibit 3 to the Tebbe Affidavit for the terms thereof.

5.      Deny, except admit that plaintiff McDuffie, through a person purporting to be his guardian *ad litem*, and represented by legal counsel, entered into a settlement agreement with Hartford Accident on or about February 12, 2002 (the "McDuffie Agreement"), and deny knowledge or information sufficient to form a belief as to allegations pertaining to McDuffie's current residence and/or military service, and respectfully refer the Court to the fully integrated McDuffie Agreement attached as Exhibit 2 to the Tebbe Affidavit for the terms thereof.

6.      Admit.

7.      Deny, except admit that:  Hartford Life and certain of its corporate affiliates offer life insurance, annuities and other products to businesses and individuals; certain affiliates of HFSG offer property and casualty coverage to individuals and businesses; and the foregoing affiliates carry on business in various states.

2

8.      Deny, except admit that:  Hartford Life is a Delaware corporation engaged in the insurance business with its principal place of business in Connecticut, and that certain of the "individual companies" alleged in paragraph 8 of the Amended Complaint are domiciled in Connecticut; Thomas Marra is the President and Chief Operating Officer of Hartford Life, president of certain life insurance subsidiaries of Hartford Life, a member of the Board of Directors and the Office of the Chairman of HFSG and an Executive Vice President of HFSG; and Ramani Ayer is Chairman and Chief Executive Officer of HFSG and Chairman of Hartford Life.

9.      Admit.

10.      Admit.

11.      Admit.

12.      Admit.

13.      Deny, except admit that:  Hartford Fire is a Connecticut corporation with its principal place of business in Connecticut; Hartford Fire is authorized to sell property and casualty insurance in certain states; and the individuals named hold the respective positions alleged in paragraph 13 of the Amended Complaint, with the exception of Neil Wolin, who is not a member of the Board of Directors of Hartford Fire and Hartford Accident, and John Giamalis, who is not on the Board of Hartford Fire.

14.      Deny, except admit that:  the entities alleged in paragraph 14 of the Amended Complaint are affiliated corporations that lawfully sell property and casualty insurance in various states; Mr. Zwiener is President and Chief Operating Officer of HFSG's Property & Casualty Operations; and certain of the companies alleged in paragraph 14 of the Amended Complaint are domiciled in Connecticut.

15.    Deny and respectfully refer all questions of law to the Court for ultimate determination, except admit that:  Comprehensive Employee Benefit Service Company ("CEBSCO") is an affiliate of HFSG that purchases annuities from Hartford Life Insurance in connection with structured settlement transactions, and that CEBSCO enters into assignment agreements whereby structured settlement liabilities are assigned to CEBSCO.

16.    Deny, except admit that certain of HFSG's property and casualty affiliates purchase annuities for use in certain structured settlements involving personal injury claims insured by such affiliates.

17.    Deny, except admit that Hartford Fire has appointed unaffiliated brokers in connection with the purchase of annuities pursuant to structured settlements entered into with certain personal injury plaintiffs asserting claims against persons insured by affiliates of Hartford Fire that lawfully sell property and casualty insurance products, and deny knowledge and information sufficient to form a belief as to allegations concerning plaintiffs' knowledge.

18.    Deny.

19.    Deny, except admit to the execution of an agreement between Hartford Life Insurance and Hartford Fire concerning the purchase of annuities to fund structured settlements.

20.    Deny, except admit that the brokers alleged in paragraph 20 of the Amended Complaint were appointed by an HFSG affiliate in connection with the sale of structured settlement annuities.

21.    Deny and respectfully refer the Court to the publicly available documents and website upon which the allegations of paragraph 21 are based for their contents thereof, except admit that a portion of Hartford Life annuities are sold in connection with structured settlements.

22.     Deny, and aver that information concerning Hartford Fire annuity sales is publicly available in its annual statement.

23.     Admit that plaintiffs purport to define the term "Approved Brokers" as set forth in paragraph 23 of the Amended Complaint, for purposes of that pleading, and otherwise deny the allegations in paragraph 23 of the Amended Complaint.

24.     Deny and respectfully refer all questions of law to the Court for ultimate determination, except admit that EPS Settlements Group, Inc. ("EPS") has acted as a broker for Hartford Life annuities sold in connection with structured settlements, including the settlement of Plaintiff McDuffie referenced in paragraph 24 of the Amended Complaint, and deny knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 24 of the Amended Complaint.

25.     Deny and respectfully refer all questions of law to the Court for ultimate determination, except admit that Ringler Associates, Inc. ("Ringler"), has acted as a broker for Hartford Life annuities sold in connection with structured settlements, including the settlement of Plaintiff Spencer referenced in paragraph 25 of the Amended Complaint, and deny knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 25 of the Amended Complaint.

26.     Deny and respectfully refer all questions of law to the Court for ultimate determination, except admit that Structured Financial Associates ("SFA") has acted as a broker for Hartford Life annuities sold in connection with structured settlements, and deny knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 26 of the Amended Complaint.

ny-725886

27.     Deny and respectfully refer all questions of law to the Court for ultimate determination, except admit that Cambridge Galaher Settlements and Insurance Services, Inc. ("Cambridge Galaher"), has acted as a broker for Hartford Life annuities sold in connection with structured settlements, and deny knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 27 of the Amended Complaint.

28.     Deny and respectfully refer all questions of law to the Court for ultimate determination, except admit that Brant Hickey & Associates ("Brant Hickey") has acted as a broker for Hartford Life annuities sold in connection with structured settlements, and deny knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 28 of the Amended Complaint.

29.     Deny and respectfully refer all questions of law to the Court for ultimate determination, except admit that The Pension Company ("Pension") has acted as a broker for Hartford Life annuities sold in connection with structured settlements, and deny knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 29 of the Amended Complaint.

30.     Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 30 of the Amended Complaint.

31.     Deny knowledge or information sufficient to form a belief as to allegations concerning plaintiffs' awareness or intentions.

32.     Aver that the allegations contained in paragraph 32 of the Amended Complaint constitute a legal conclusion as to which no response is required, and, therefore, deny the allegations in paragraph 32.

ny-725886

33.     Aver that the allegations contained in paragraph 33 of the Amended Complaint constitute a legal conclusion as to which no response is required, and, therefore, deny the allegations in paragraph 33.

34.     Aver that the allegations contained in paragraph 34 of the Amended Complaint constitute a legal conclusion as to which no response is required, and, therefore, deny the allegations in paragraph 34.

35.     Deny and respectfully refer all questions of law to the Court for ultimate determination, except admit that the Spencer and Strickland Agreements referred to in paragraph 35 of the Amended Complaint were assigned to CEBSCO, and that of McDuffie was not.

36.     Aver that the narrative contained in paragraph 36 of the Amended Complaint constitutes plaintiffs' opinion regarding the economic advantages of the sale of structured settlements, rather than a factual allegation as to which a response is required, and, therefore, deny the allegations in paragraph 36, except admit that Hartford Life receives premium payments for annuities that it sells and that structured settlement transactions can confer benefits upon persons and/or entities involved in such transactions.

37.     Aver that the narrative contained in paragraph 37 of the Amended Complaint constitutes plaintiffs' opinion regarding the popularity of structured settlements, rather than a factual allegation as to which a response is required, and, therefore, deny the allegations in paragraph 37, except admit that personal injury claimants enter into structured settlements with certain defendants named in the Amended Complaint.

38.     Deny knowledge and information sufficient to form a belief as to the allegations of paragraph 38 of the Amended Complaint, and, therefore, deny the allegations in said paragraph.

7

39.     Deny knowledge and information sufficient to form a belief as to the allegations of paragraph 39 of the Amended Complaint, and, therefore, deny the allegations in said paragraph.

40.     Deny as to HFSG, and deny knowledge and information sufficient to form a belief as to the remaining allegations of paragraph 40 of the Amended Complaint, and, therefore, deny the remaining allegations in said paragraph.

41.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Amended Complaint, except admit that Hartford Life generally does not restrict sales of its annuities on the basis of the identity of the person who engaged any involved brokers.

42.     Deny as to HFSG and deny knowledge or information sufficient to form a belief as to the allegations concerning other insurers.

43.     Deny as to HFSG and deny knowledge or information sufficient to form a belief as to the allegations concerning other insurers.

44.     Deny as to HFSG and its affiliates, and deny knowledge or information sufficient to form a belief as to unaffiliated carriers.

45.     Deny, except deny knowledge or information sufficient to form a belief as to allegations based upon the knowledge of the claimants alleged in paragraph 45 of the Amended Complaint.

46.     Deny.

47.     Deny.

48.    Deny, except admit that brokers use quoting software in connection with structured settlements that involve the purchase of an annuity from Hartford Life by certain HFSG affiliates that offer property and casualty coverage to individuals and businesses.

49.    Deny.

50.    Deny, except admit that brokers use quoting software in connection with structured settlements that involve the purchase of an annuity from Hartford Life by certain HFSG affiliates that offer property and casualty coverage to individuals and businesses.

51.    Deny.

52.    Deny.

53.    Deny.

54(a)    Deny knowledge and information sufficient to form a belief as to the allegations of paragraph 54(a) of the Amended Complaint, except admit that plaintiff Spencer asserted a claim against Jerrine Fox, an insured of Hartford Midwest, that allegedly arose out of a motor vehicle accident (the "Spencer Claim").

54(b)    Deny, except admit that plaintiff Spencer entered into an agreement with Hartford Midwest, and respectfully refer the Court to the Spencer Agreement for the terms and effect of said agreement, and admit that plaintiff Spencer was represented by counsel, attorney Scott Stapleton, in the transaction, and that Catherine Gleason of Hartford Midwest was involved in this transaction.

54(c)    Deny, except admit that Hartford Midwest agreed to pay a lump sum payment of $48,000, and to purchase an annuity resulting in 120 monthly payments of $494.58 to Spencer, beginning on January 1, 2005.

9

54(d)   Deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 54(d) of the Amended Complaint.

54(e)   Deny and respectfully refer the Court to the Spencer Agreement for its terms.

54(f)   Deny, except admit that Hartford Midwest represented that it would purchase an annuity to settle the Spencer Claim and that that annuity would generate payments in the amount stated in the Spencer Agreement.

54(g)   Deny, except admit that Hartford CEBSCO purchased the annuity referenced in the Spencer Agreement, and that Ringler broker Christie Gonzalez Hoadley was involved in that transaction, and respectfully refer the Court to the Spencer Agreement for its terms.

54(h)   Deny, except admit that Hartford Midwest represented to plaintiff Spencer that it would purchase an annuity in connection with the execution of the Spencer Agreement and that said annuity would generate payments in the amount stated in the Spencer Agreement.

54(i)   Deny, except admit that Spencer and Hartford Midwest entered into the Spencer Agreement and respectfully refer the Court to the Spencer Agreement for the terms and effect thereof.

54(j)   Deny.

54(k)   Deny.

54(l)   Deny and respectfully refer the Court to the document alleged in paragraph 54(l) of the Amended Complaint for its terms.

55(a)   Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 55(a), except admit that plaintiff Strickland, through his attorney,

initiated a lawsuit as alleged in paragraph 55(a) (the "Strickland Claim"), and admit that Hartford Casualty insured Kitchen Saver of Baltimore.

55(b)   Deny, except admit that Hartford Casualty entered into the Strickland Agreement, and respectfully refer the Court to the Strickland Agreement for its terms.

55(c)   Deny and respectfully refer the Court to the Strickland Agreement for its terms.

55(d)   Deny and respectfully refer the Court to the Strickland Agreement for its terms.

55(e)   Deny and respectfully refer the Court to the Strickland Agreement for its terms.

55(f)   Deny and aver that Hartford Casualty represented to plaintiff Strickland that it would purchase an annuity in connection with the execution of the Strickland Agreement and that said annuity would generate payments in the amount stated in the Strickland Agreement.

55(g)   Deny and respectfully refer the Court to the documents alleged in paragraph 55(g) of the Amended Complaint for their terms, except admit that the annuity referenced in the Strickland Agreement was purchased by Hartford Underwriters Insurance Company from Hartford Life Insurance and that Ringler broker Ken Clemmens was involved in the transaction.

55(h)   Deny, except admit that Hartford Casualty represented to plaintiff Strickland that it would purchase an annuity in connection with the execution of the Strickland Agreement and that said annuity would generate the payments referenced in said Agreement.

ny-725886

55(i)   Deny, except admit that Hartford Casualty and plaintiff Strickland entered into the Strickland Agreement, and respectfully refer the Court to the Strickland Agreement for its terms.

55(j)   Deny.

55(k)   Deny.

55(l)   Deny and respectfully refer the Court to the document alleged in paragraph 55(l) of the Amended Complaint for its terms and effect thereof, if any.

56(a)   Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 56(a), except admit that plaintiff McDuffie, through his attorney and guardian *ad litem*, initiated a lawsuit arising from the alleged accident, as alleged in paragraph 56(a) (the "McDuffie Claim"), and admit that Hartford Accident insured Brice and Dorotha Jean Vermillion.

56(b)   Deny, and respectfully refer the Court to the document alleged in paragraph 56(b) of the Amended Complaint for the content thereof.

56(c)   Deny and respectfully refer the Court to the McDuffie Agreement for its terms.

56(d)   Deny and respectfully refer the Court to the McDuffie Agreement for the terms and effect thereof, if any.

56(e)   Deny and aver that Hartford Accident represented to Plaintiff McDuffie that it would purchase an annuity in connection with the execution of the McDuffie Agreement and that said annuity would generate payments in the amount stated in the McDuffie Agreement.

56(f)   Deny and respectfully refer the Court to the McDuffie Agreement for its terms and effect thereof, if any, except admit that the annuity referenced in the McDuffie

12

Agreement was purchased by Hartford Underwriters Insurance Company, and that EPS broker James Adams was involved with this transaction.

56(g)   Deny and aver that Hartford Accident represented to Plaintiff McDuffie that it would purchase an annuity in connection with the execution of the McDuffie Agreement and that said annuity would generate payments in the amount stated in the McDuffie Agreement.

56(h)   Deny, except admit that Hartford Accident and plaintiff McDuffie entered into the McDuffie Agreement, and respectfully refer the Court to the McDuffie Agreement for its terms.

56(i)   Deny, except admit that the agreement contained in the McDuffie Agreement was court-approved.

56(j)   Deny.

56(k)   Deny.

56(l)   Deny and respectfully refer the Court to the document alleged in paragraph 56(l) of the Amended Complaint.

57.   Deny.

58.   Deny.

59(a)   Deny.

59(b)   Deny.

59(c)   Deny.

59(d)   Deny.

60.   Deny.

61.   Deny.

62.   Deny.



63.    Deny, except admit that non-party affiliates of one or more Defendants have entered into structured settlement transactions with persons alleged to have suffered personal injury.

64.    Deny.

    65(a)   Deny.

    65(b)   Deny.

    65(c)   Deny.

    65(d)   Deny.

66.    Deny.

67.    Deny.

68.    Deny.

    69(a)   Admit that plaintiffs purport to bring this action on behalf of the putative class alleged in paragraph 69(a) of the Amended Complaint.

    69(b)   Admit that plaintiffs purport to bring this action on behalf of the putative class alleged in paragraph 69(b) of the Amended Complaint.

    70(a)   Deny.

    70(b)   Deny.

    70(c)   Deny.

    70(d)   Deny.

    70(e)   Deny.

    70(f)   Deny.

    70(g)(1)     Deny.

    70(g)(2)     Deny.

ny-725886

70(g)(3)       Deny.

70(g)(4)       Deny.

71.       Deny.

## FIRST CLAIM FOR RELIEF

1.-71.   Defendants repeat and reallege their foregoing responses to paragraphs 1 - 71 of the Amended Complaint as if the same were fully set forth herein.

72.       Deny and respectfully refer the Court to the Spencer Agreement for its terms.

73.       Deny and respectfully refer the Court to the Strickland Agreement for its terms.

74.       Deny and respectfully refer the Court to the McDuffie Agreement for its terms.

75.       Deny.

76.       Deny.

77.       Deny.

## SECOND CLAIM FOR RELIEF

1-77.   Defendants incorporate their responses herein to paragraphs 1 - 77 of plaintiffs' First Claim for Relief as their respective responses to paragraphs 1 – 77 of plaintiffs' Second Claim for Relief.

78.       Deny, except admit that HFSG's Board makes policy-related decisions and that the individuals named hold the respective positions alleged in paragraph 78 of the Amended Complaint, with the exception of Neil Wolin, who is not a member of the Board of Directors of Hartford Fire and Hartford Accident, and John Giamalis, who is not on the Board of Hartford Fire.

79.       Deny, except admit that Hartford Life receives premium payments for the annuities that it sells.

80.       Deny.

15

ny-725886

81. Deny.

82. Deny.

83. Deny.

84. Deny.

85. Deny.

86. Deny.

87. Deny.

88. Deny.

89. Deny.

90. Deny.

91. Deny.

92. Deny.

93. Deny.

    94(a)  Deny.

    94(b)  Deny.

    94(c)  Deny.

    94(d)  Deny.

    94(e)  Deny.

    94(f)  Deny.

    94(g)  Deny.

    94(h)  Deny.

    94(i)  Deny.

    95(a)  Deny.

ny-725886

95(b)   Deny and respectfully refer the Court to the document alleged in paragraph 95(b) for its terms.

95(c)   Deny and respectfully refer the Court to the document alleged in paragraph 95(c) of the Amended Complaint for its terms.

95(d)   Deny, except admit that Hartford Midwest has used interstate mail and/or wires in connection with the Spencer Agreement, and deny knowledge or information sufficient to form a belief as to Spencer's alleged involvement in a "factoring" transaction.

96(a)   Deny, and respectfully refer the Court to the documents alleged in paragraph 96(a) of the Amended Complaint for their terms.

96(b)   Deny, and respectfully refer the Court to the document alleged in paragraph 96(b) for its terms.

96(c)   Deny, and respectfully refer the Court to the document alleged in paragraph 96(c) of the Amended Complaint for its terms.

96(d)   Deny, except admit that Hartford Life has used the interstate mails and/or wires in connection with the Strickland Agreement.

97(a)   Deny, and respectfully refer the Court to the document alleged in paragraph 97(a) of the Amended Complaint for its terms.

97(b)   Deny, and respectfully refer the Court to the document alleged in paragraph 97(b) of the Amended Complaint for its terms.

97(c)   Deny, and respectfully refer the Court to the document alleged in paragraph 97(c) of the Amended Complaint for its terms.

97(d)   Deny, and respectfully refer the Court to the documents alleged in paragraph 97(d) of the Amended Complaint for their terms and the effect thereof, if any.

97(e)   Deny, and respectfully refer the Court to the documents alleged in paragraph 97(e) of the Amended Complaint for their terms, except admit that Hartford Accident used the interstate mail and/or wires in connection with the McDuffie Agreement.

97(f)   Deny, and respectfully refer the Court to the documents alleged in paragraph 97(f) of the Amended Complaint for their terms.

97(g)   Deny, and respectfully refer the Court to the document alleged in paragraph 97(g) of the Amended Complaint for its terms.

97(h)   Deny, except admit that Hartford Accident has used interstate mails and/or wires in connection with the McDuffie Agreement.

98.   Deny.

99.   Deny.

100.   Deny.

101.   Deny.

102.   Deny.

103.   Deny.

104.   Deny.

104(a)   Deny, except deny knowledge or information sufficient to form a belief as to what "every personal injury plaintiff bargains for" or as to the historic sales or marketing practices of all personal injury defendants and/or their insurers.

104(b)   Deny.

105.   Deny.

106.   Deny.

107.   Deny.

18

108.    Deny.

109.    Deny.

## THIRD CLAIM FOR RELIEF

1-90.   Defendants repeat and reallege their foregoing responses to paragraphs 1-77, 81-84 and 90-98 of the Amended Complaint as if the same were fully set forth herein.

91.     Deny.

92.     Deny.

92(a)   Deny, and aver that any such alleged representation was true.

92(b)   Deny and respectfully refer the Court to the document referred to in paragraph 92(b) of the Amended Complaint for its terms.

93.     Deny.

93(a)   Deny and respectfully refer the Court to the Strickland Agreement for its terms.

93(b)   Deny and respectfully refer the Court to the document alleged in paragraph 93(b) of the Amended Complaint for its terms.

94.     Deny.

94(a)   Deny and respectfully refer the Court to the letter alleged in paragraph 94(a) of the Amended Complaint for its terms.

94(b)   Deny and respectfully refer the Court to the documents alleged in paragraph 94(b) of the Amended Complaint for their terms.

95.     Deny.

96.     Deny.

97.     Deny.

ny-725886

98.    Deny.

99.    Deny.

## FOURTH CLAIM FOR RELIEF

1-99.  Defendants repeat and reallege their foregoing responses to paragraphs 1 - 99 of the Amended Complaint as if the same were fully set forth herein.

100.    Deny.

101.    Deny.

102.    Deny.

103.    Deny.

104.    Deny.

105.    Deny.

106.    Deny.

    107(a)  Deny.

    107(b)  Deny.

108.    Deny.

109.    Deny.

## FIFTH CLAIM FOR RELIEF

1-103.         Defendants repeat and reallege their foregoing responses to paragraphs 1 - 71 of the Amended Complaint and paragraphs 78-109 of the Fourth Claim for Relief as if the same were fully set forth herein.

104.    Deny.

105.    Deny.

106.    Deny.

ny-725886

107.    Deny.

108.    Deny.

## SIXTH CLAIM FOR RELIEF

1-133.    Defendants repeat and reallege their foregoing responses to paragraphs 1 - 77 of the First Claim for Relief, paragraphs 78 to 109 of the Second Claim for Relief, paragraphs 91 - 99 of the Third Claim for Relief, 100 - 109 of the Fourth Claim for Relief, and 104 - 108 of the Fifth Claim for Relief as if the same were fully set forth herein.

134.    Deny.

135.    Deny.

136.    Deny, except deny knowledge or information sufficient to form a belief as to plaintiffs' "awareness."

137.    Deny.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state any claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims must fail to the extent they do not comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of release and/or accord and satisfaction.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of equitable estoppel.

ny-725886

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from the relief sought, either in whole or in part, because of their

knowledge, ratification, authorization, agreement and approval of the terms of the transactions.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction because the alleged class does not exist, and

therefore, plaintiffs fail to meet the statutory amount-in-controversy requirement.

## NINTH AFFIRMATIVE DEFENSE

Hartford Midwest, Hartford Accident and Hartford Casualty performed all obligations they

respectively owed under the Spencer, Strickland and McDuffie Agreements.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff McDuffie's claims are barred, in whole or in part, by the applicable statutes of

limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' breach of contract claims fail to the extent that they are based on terms not contained

in their fully integrated settlement agreements and therefore are barred by the parole evidence

rule.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' fraud claims fail to the extent they are barred by the economic loss doctrine.

ny-725886

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' unjust enrichment claims fail because an express contract governs the subject matter of those claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to raise additional affirmative and other defenses as may be established by discovery and the evidence in this case.

Dated:  New York, New York
        December 6, 2006

MORRISON & FOERSTER LLP

By:_____

Charles E. Tebbe III
John W.R. Murray
1290 Avenue of the Americas
New York, New York  10104-0050
(212) 468-8000

WIGGIN AND DANA LLP

James H. Bicks (ct 04729)
Gregory M. McLaughlin
400 Atlantic Street
P.O. Box 110325
Stamford, Connecticut  06911-0325
(203) 363-7600

Attorneys for Defendants

ny-725886