UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
OSHONYA SPENCER, CHARLES           :
STRICKLAND, and DOUGLAS            :
McDUFFIE, on behalf of themselves  :
and all others similarly situated, :   No. 3:05-cv-01681 (JCH)
                                   :
        Plaintiffs,                :
                                   :
           v.                      :
                                   :
THE HARTFORD FINANCIAL SERVICES    :
GROUP, INC., HARTFORD LIFE, INC.,  :
HARTFORD LIFE INSURANCE            :
COMPANY, HARTFORD ACCIDENT AND     :
INDEMNITY COMPANY, HARTFORD        :
CASUALTY INSURANCE COMPANY,        :
HARTFORD INSURANCE COMPANY OF      :
THE MIDWEST and HARTFORD FIRE      :
INSURANCE COMPANY,                 :
                                   :
        Defendants.                :
---------------------------------------------------------x

## STIPULATED PROTECTIVE ORDER

Upon motion of all the parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that:

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Confidential Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed

during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential", a party will make such designation only as to that information that it in good faith believes contains confidential information. Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be classified.

3. "Party/Parties" shall be defined to include all parties now named or hereafter joined as a plaintiff, defendant or third-party defendant in this action, and shall include all officers and employees of every corporate, business and governmental party.

4. "Qualified Persons," as used herein means:

(a) Parties, provided that each and every individual officer and employee of any corporate, business or governmental party to whom "Confidential" information is to be disclosed must sign a document agreeing to be bound by the terms of this protective order, in the form attached hereto as Exhibit A;

(b) Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(c) Actual or potential independent technical experts or consultants ("Independent Consultants") to whom it is necessary that the material be shown for purposes of this litigation, provided that (i) each Independent Consultant has signed a document agreeing to be bound by the terms of this protective order, in the form attached hereto as Exhibit A; and (ii) counsel for the disclosing party has provided written notice within a reasonable amount of time to counsel for the opposing party or producing third

party that specifies how many independent consultants are to receive Classified Information (but not the identity of each Independent Consultant);

(d) Any actual or proposed witness at trial or in preparation for trial, or at a deposition of this litigation or in preparation for such a deposition and the counsel representing the witness in connection with trial or such a deposition, subject to the restrictions and procedure outlined in Paragraph 6 herein, and then only to the extent that, and no sooner than, the disclosing counsel determines in good faith that such disclosure is necessary for purposes of asking questions at trial or the deposition or preparing therefor;

(e) In-house attorneys who are employed by a party and who have responsibility for directing or assisting litigation counsel in the preparation and trial of this case, and paralegals and other staff who are supervised by in-house attorneys and to whom it is necessary that the material be shown for purposes of this litigation;

(f) Any other person upon the written agreement of the party or nonparty that designated the Confidential Information as "Confidential", provided that such person must sign a document agreeing to be bound by the terms of this protective order, in the form attached hereto as Exhibit A; and

(g) If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

5. Documents produced in this action may be designated by any party or by the producing third party as "Confidential" information by marking each page of the document(s) so designated with a stamp stating "Confidential".

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

6.  If any party intends to disclose any "Confidential" information to a witness pursuant to paragraph 4(d) above, prior to or in preparation for deposition or trial, or at a deposition, and such witness would otherwise not be entitled to access to such "Confidential" information, such party shall provide written notice to the party or third party that designated the material "Confidential" the intention to so disclose the "Confidential" information at least four (4) business days prior to such intended disclosure. If the party or third party that designated the material "Confidential" objects to such disclosure, then the party or third party that designated the material "Confidential" shall, within two (2) business days of receiving notice of the intent to disclose, issue a written objection to the counsel intending to make such disclosure. Unless the parties otherwise resolve their disagreement, the party or third party that designated the material "Confidential" shall make the appropriate motion to the Court as soon as practicable. Pending such motion, the "Confidential" information shall not be shown to the witness.

7.  Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party or by any third party as "Confidential" information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.

Any party or any third party may also designate information disclosed at such deposition as "Confidential" by notifying all of the parties in writing within thirty (60) days of

4

receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "Confidential" for a period of thirty (60) days after the receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential", with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing "Confidential" information shall have page numbers that correspond to the blank pages in the main transcript.

8. (a) "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.

(b) Any documents produced in this litigation which are provided to Qualified Persons of Paragraph 4(c) above, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation.

(c) Each party's outside counsel shall maintain a log of all copies of "Confidential" documents which are delivered to any one or more Qualified Person(s) of Paragraph 4 above.

9. Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential"

may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

Documents to be inspected shall be treated as "Confidential" during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" by the producing party.

10. Nothing herein shall prevent disclosure beyond the terms of this order if each party or third party designating the information as "Confidential" consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" information, irrespective of which party produced such information.

11. A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential", or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential". The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

12. Nothing shall be regarded as "Confidential" information if it is information that either:

(a) is in the public domain at the time of disclosure, as evidenced by a written document;

(b) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

(c) the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure unless they obtained the information or document initially under an expectation of confidentiality; or

(d) the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

13. In the event a party wishes to use any "Confidential" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" information used therein shall be filed under seal with the Court.

14. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential" information by a party to this action or by a third party.

15. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order.

16. Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party or by any third party in the possession of any of the persons qualified under Paragraphs 4(a) through (g) shall be returned to the producing party except as this Court may otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

17. This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential" information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

18. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of

this Protective Order.

19. In the event that a producing party inadvertently produces Discovery Material that it deems to be subject to attorney-client privilege, work product immunity, joint-defense privilege, common interest privilege, and/or any other privilege, protection or immunity, the producing party may (promptly upon learning of such production) notify the receiving party of such production. Upon such notification: the receiving party shall promptly return to the producing party all such information (including, without limitation, any documents containing or comprising such information; the information (including, without limitation, any documents containing or comprising such information) shall continue to be privileged, protected, and/or immune; and no use shall be made of such information (including, without limitation, any documents containing or comprising such information) by the receiving party, nor shall it be disclosed to anyone by the receiving party. The receiving party shall promptly provide to the producing party a written certification of the complete return of such information (including, without limitation, any documents containing or comprising such information); provided that, to the extent any receiving party has incorporated any such information in its own work product, it may (instead of providing such work product to the producing party) destroy such information incorporated in that work product and promptly certify to such destruction. The producing party shall list on a privilege log any document governed by this paragraph promptly after that document has been returned to the producing party by all receiving parties. After compliance with the foregoing procedures, if the receiving party disputes the applicability of any of the foregoing privileges or immunities for reasons other than disclosure in this Action, then the applicable parties shall meet and confer within ten (10) days of the receiving party's notification to the producing party of the dispute to attempt to resolve the dispute. In disputing the applicability of any of the claimed privileges or immunities, the receiving party agrees that the

9

disclosure of the document shall not be a ground for disputing such privileges or immunities. If no agreement is reached, the receiving party may bring a regularly noticed motion to compel production of the information within ten (10) days after the applicable parties' initial meet and confer or as the applicable parties may otherwise agree. Nothing in this paragraph shall preclude a party from asserting that any information governed by this paragraph is not subject to any privilege, protection or immunity because of factors other than its disclosure in this Action.

SIGNED this _____ day of _____, 20___.

_____
UNITED STATES DISTRICT JUDGE

AGREED AS TO FORM AND SUBSTANCE:

_____
David S. Golub, Esq.
Jonathan M. Levine, Esq.
Silver Golub & Teitell LLP
184 Atlantic Street
P.O. Box 389
Stamford, Connecticut 06904
(203) 325-3769 (facsimile)

Peter R. Kahana, Esq.
Steven L. Bloch, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
(215) 875-4604 (facsimile)

Richard B. Risk, Jr., Esq.
Risk Law Firm
3417 East 76th Street
Tulsa, Oklahoma 74136-8064
(918) 494-5819 (facsimile)

*Attorneys for Plaintiffs*

_____
James H. Bicks (ct 04729)
Gregory M. McLaughlin (ct 26642)
Wiggin and Dana LLP
400 Atlantic Street
Stamford, CT 06911
Tel: (203) 363-7600
Fax: (203) 363-7676
email: jbicks@wiggin.com

Charles E. Tebbe III
John W.R. Murray
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
(212) 468-8000

*Attorneys for Defendants*

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

---------------------------------------------------------x
OSHONYA SPENCER, CHARLES :
STRICKLAND, and DOUGLAS :
McDUFFIE, on behalf of themselves :
and all others similarly situated, : No. 3:05-cv-01681 (JCH)
:
      Plaintiffs, :
:
      v. :
:
THE HARTFORD FINANCIAL SERVICES :
GROUP, INC., HARTFORD LIFE, INC., :
HARTFORD LIFE INSURANCE :
COMPANY, HARTFORD ACCIDENT AND :
INDEMNITY COMPANY, HARTFORD :
CASUALTY INSURANCE COMPANY, :
HARTFORD INSURANCE COMPANY OF :
THE MIDWEST and HARTFORD FIRE :
INSURANCE COMPANY, :
:
      Defendants. :
---------------------------------------------------------x

## CONFIDENTIALITY UNDERTAKING

I, _____, hereby acknowledge that I have read the STIPULATED PROTECTIVE ORDER entered by the Court in the above-captioned Action, that I am one of the persons contemplated in paragraph 3 as authorized to receive CONFIDENTIAL Discovery Material and that I fully understand and agree to abide by the obligations and conditions of the Protective Order. I agree to maintain any CONFIDENTIAL Discovery Material I receive in a separate and identifiable file, access to which is restricted. I further agree that I will return all CONFIDENTIAL Discovery Material, and any copies or summaries thereof or notes or other writings prepared therefrom that refer to CONFIDENTIAL Discovery Material (excepting any report prepared pursuant to Rule 26 of the Federal Rules of Civil Procedure), to counsel from whom I received the CONFIDENTIAL Discovery Material upon final determination of this action, and will delete any and all computer files constituting or otherwise containing any such CONFIDENTIAL Discovery Material.

Dated:_____

                                            _____
                                            (Signature)

                                            _____
                                            (Employer, Title or Position)

                                            _____
                                            (Business Address)