UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OSHONYA SPENCER, ET AL | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:05-cv-01681(JCH) |
| v. | : | |
| | : | |
| THE HARTFORD FINANCIAL | : | |
| SERVICES, ET AL | : | May 1, 2008 |
|     Defendants. | : | |

**RULING RE: PLAINTIFFS' MOTION TO AMEND (Doc. No. 119)**

**I.    INTRODUCTION**

Oshonya Spencer, Charles Strickland, and Douglas McDuffie, (collectively "plaintiffs") move the court for leave to amend their Complaint. See Mot. to Amend. (Doc. No. 119). The Hartford Financial Services Group, Inc., Hartford Life, Inc., Hartford Life Insurance Co., Hartford Accident and Indemnity Company, Hartford Casualty Insurance Co., Hartford Insurance Co. of the Midwest, and Hartford Fire Insurance Co, (collectively "defendants") oppose plaintiffs' Motion to Amend on the grounds that the motion was made with undue delay, was based on a bad faith motive, and would prejudice the defendants.[1] See Def.s' Mem. in Opp. at 21-2. In response to two of defendants' objections, plaintiffs revised the proposed Second Amended Complaint. See Pl.'s Reply at 3-4 (Doc. No. 153). Therefore, it is the revised Second Amended Complaint attached to plaintiffs' Reply Memorandum that is the subject of this Ruling.

---

[1] Defendants also argued that plaintiffs' Motion to Amend should properly be decided under the "good cause" standard of Federal Rule of Civil Procedure 16. However, none of the scheduling orders in this case set forth a deadline for amending pleadings, and therefore Rule 16 does not apply. See Scheduling Orders (Doc. Nos. 58, 95 and 113)

## II. DISCUSSION

Federal Rule of Civil Procedure provides that a court should "freely give leave" to a party to amend its pleading "when justice so requires." FED.R.CIV.P. 15(a)(2). Leave to amend should only be denied when "there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)).

The court finds that defendants have not put forth sufficient evidence to establish that plaintiffs moved to amend with undue delay or bad faith. At the hearing on this Motion, the court was persuaded by plaintiffs' counsel that, while the paper discovery which lead plaintiffs to a new theory of the case was turned over by defendants some time ago, plaintiffs were forced to wait until the completion of certain depositions before their revised theories could be fully formulated and they could move to amend. See Transcript of Hearing (April 8, 2008) (Doc. No. 167). While it is true that plaintiffs' Motion to Amend was filed on the same day their class certification brief was due, the court does not find this fact alone sufficient to find that plaintiffs acted in bad faith in filing their Motion to Amend.

The defendants further argue that granting plaintiffs' Motion will prejudice them because they will be required to undertake additional discovery, it will render the sampling frame that has been created statistically invalid, and considerably delay the resolution of the case. Addressing the defendants' concern regarding the sampling frame, the court ordered plaintiffs to produce an affidavit from their expert to address whether plaintiffs' proposed Amended Complaint would render the sampling frame

useless.  See Order (Doc. No. 162).  Plaintiffs' expert, James E. Dannemiller, submitted to the court that the current sampling frame included "structured settlements entered into by claimants without the assistance of a broker."  Affidavit of James E. Dannemiller at ¶ 2 (Doc. No. 165).  This statement satisfies the court that the addition of plaintiffs who were not represented by a broker will not render the current sampling frame invalid.

Relying on Rule 15's admonition to permit amendment "when justice so requires," but taking into consideration defendants' concerns, plaintiffs' Motion to Amend is GRANTED with the following limitations.  First, plaintiffs will rely on the existing sampling frame without alteration.  Second, plaintiffs are not to take any additional class discovery as a result of the new complaint.  Third, defendants are given forty-five days to conduct class discovery limited to the new plaintiffs.  Fourth, defendants should file any opposition to the plaintiffs' Motion for Class Certification within 75 days of the issuance of this Ruling.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 1st day of May, 2008.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge