# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| OSHONYA SPENCER, CHARLES STRICKLAND, and DOUGLAS McDUFFIE, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>V.<br><br><br>THE HARTFORD FINANCIAL SERVICES GROUP, INC., *at al.*<br><br>            Defendant. | :<br>:<br>:<br>:<br>:<br>:   NO.  3:05cv1681 (JCH)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   SEPTEMBER 21, 2010 |

**[PROPOSED] SETTLEMENT ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT, AWARDING ATTORNEYS' FEES AND EXPENSES, AWARDING CLASS REPRESENTATIVE INCENTIVE AWARDS, APPROVING PLAN OF ALLOCATION. AND ORDERING DISMISSAL AS TO ALL DEFENDANTS**

The Court, having considered (a) the Motion for Final Approval of Class Action Settlement and the Memorandum and Declaration of David S. Golub, Esq. dated September 1, 2010 submitted in support of said Motion; (b) Class Counsel's Application for Award of Attorneys' Fees and Reimbursement of Litigation Expenses and the Memorandum and Declaration of David S. Golub, Esq. dated August 16, 2010 submitted in support of said Application; (c) the Motion for Order Authorizing Incentive Award to Class Representatives and the Memorandum and Declarations of Oshonya Spencer, Charles Strickland and Douglas McDuffie submitted in support of said Motion; and the Court having held a hearing on September 21, 2010; and having considered all of the submissions and arguments with respect thereto; pursuant to Rules 23 and 54 of the Federal Rules of Civil Procedure, and in accordance

with the terms of the Settlement Agreement between the parties dated June 3, 2010 (the "Settlement Agreement"), it is hereby **ORDERED, ADJUDGED and DECREED that**:

1. This Settlement Order and Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings set forth in the Settlement Agreement.

2. The Court has subject matter jurisdiction over all matters relating to this action, and has personal jurisdiction over each of the parties and all members of the Settlement Class.

3. As set forth in the Preliminary Approval Order (Dkt No. 235), dated June 7, 2010, the Court certified the Settlement Class ("Settlement Class"), consisting of two (2) subclasses, defined as follows:

> "Cost" Subclass: All persons who entered into a settlement with any of The Hartford Property & Casualty Companies between 1997 and the present in which some or all of the settlement amount was to be paid as a structured settlement funded with an annuity from one of The Hartford Life Companies, who had a written contract that, or before entering into the written contract had received a written representation that, made explicit or implicit reference to the "cost" of the settlement or the portion of the settlement being structured or the "cost" of an annuity being used to fund the structure. Excluded from this class are persons who were represented by a plaintiffs' broker in connection with the settlement.

> "Value" Subclass: All persons who entered into a settlement with any of The Hartford Property & Casualty Companies between 1997 and the present in which some or all of the settlement amount was to be paid as a structured settlement funded with an annuity from one of The Hartford Life Companies, who had a written contract that, or before entering into the written contract had received a written representation that, made explicit or implicit reference to the "value" of the settlement or the portion of the settlement being structured or the "value" of an annuity being used to fund the structure. Excluded from this class are persons who were represented by a plaintiffs' broker in connection with the

settlement.

4. The Court finds that the Settlement Class satisfies all of the requirements for class certification under Rules 23(a) and 23(b)(3) of the Federal Rule of Civil Procedure, and all other applicable provisions of Fed. R. Civ. P. 23, for the reasons set forth in the Court's March 10, 2009 order ("Class Certification Order"), and the Court's findings of fact and conclusions of law in the Class Certification Order apply equally to the Settlement Class. In sum, the Court finds that: (a) the nearly 22,000 members of the Settlement Class are so numerous that joinder of all members would be impracticable; (b) while the parties have agreed that the Settlement Agreement does not constitute any admission of liability or waiver of any defenses, there are questions of law and fact common to the claims of the Named Plaintiffs and all Settlement Class Members, and these common questions predominate over any questions or issues affecting only individual members of the Settlement Class; (c) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class; (d) Named Plaintiffs' interests are coincident with, and not antagonistic to, the interests of other Settlement Class members, and, in prosecuting this action and negotiating and entering into the Settlement, the Named Plaintiffs and Class Counsel, who have demonstrated the requisite skill and experience in this action, have fairly and adequately protected the interests of the Settlement Class; and (e) class treatment is the superior method for adjudicating and settling the claims raised in this action, and best serves the interests of the Settlement Class Members. The Court hereby grants final certification to the Settlement Class.

5. As required by this Court in the Preliminary Approval Order, Notice of the Proposed Class Action Settlement was mailed by first class mail to the members of the Settlement Class, including the Election to Opt Back In form to those persons who previously

requested exclusion from the action, and Publication Notice was effectuated, including publication of the summary notice, the establishment and maintenance of the Settlement Website, and the establishment and maintenance of a toll-free telephone line by the Claims Administrator. Such notice to members of the Settlement Class is hereby determined to be fully in compliance with, and to fully satisfy, all requirements of Fed. R. Civ. P. 23(e) and due process of law, and is found to be the best notice practicable under the circumstances and to constitute due, adequate and sufficient notice to all persons entitled to notice and to apprise them of their rights.

6.  Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to the Settlement Class to participate in the Fairness Hearing, it is hereby determined that all Settlement Class members are bound by this Settlement Order and Final Judgment. Those persons who excluded themselves from this action in response to the Notice of Pendency and did not elect to opt back into the action as provided for in the Settlement Agreement and the Preliminary Approval Order, are not Settlement Class Members and are not bound by this Settlement Order and Final Judgment. A list of those persons excluded from the Settlement Class is attached hereto as Exhibit "A".

7.  Defendants have timely filed notifications of the Settlement and accompanying materials with the appropriate Federal and State officials pursuant to 28 U.S.C. § 1715 of the Class Action Fairness Act of 2005 ("CAFA"). The Court has reviewed the notifications and accompanying materials and finds that Defendants' notifications comply fully with any applicable requirements of CAFA.

8.  The Settlement of this class action was not the product of collusion between Plaintiffs and Defendants or their respective counsel, but rather was the result of *bona fide* and arm's-length negotiations conducted in good faith between Class Counsel and Defendants' counsel.

9.  The Court has held a hearing to consider the fairness, reasonableness and adequacy of the proposed Settlement, and has been advised that there is only one objection from a member of the Settlement Class, which objection states no supportable grounds for disapproving the Settlement, and has also been advised that the Named Plaintiffs have explicitly indicated their support for the Settlement and Class Counsel's requested attorneys' fees and litigation expenses.

10. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, and finds that the Settlement is, in all respects, fair, reasonable and adequate to Settlement Class members. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement. The Settlement is fair, reasonable and adequate in light of the factors set forth in *City of Detroit v. Grinnell Corporation*, 495 F.2d 448, 463 (2d Cir. 1974), as follows:

   (a) this case was highly complex, expensive and time consuming, and would have continued to be so if the case had not settled;

   (b) there were no objections to the Settlement by Settlement Class members;

   (c) because the case settled after the parties had completed discovery, Class Counsel had a full appreciation of the strengths and weaknesses of their case before negotiating the Settlement;

(d) Class Counsel and the Settlement Class would have faced numerous and significant risks in establishing both liability and damages if they had decided to continue to litigate through trial rather than settle; and

(e) the Settlement amount is well within the range of reasonableness in light of the best possible recovery and the risks the parties would have faced if the case had continued to verdicts as to both liability and damages.

11. The Court approves the Plan of Allocation of the Settlement proceeds (net of notice and administrative costs, tax payments, any award of attorneys' fees and reimbursement of expenses and any incentive awards to the Named Plaintiffs) as proposed by Class Counsel in the Plan of Allocation (the "Plan", attached hereto as Exhibit "B"), and supported by the Golub Declaration. The Plan, which was summarized in the Notice of Proposed Class Action Settlement, and which has been publicly available on the Settlement Website, proposes to distribute the net Settlement proceeds *pro rata*, in proportion to the size of each Settlement Class member's structured settlement annuity, as measured by the premium paid for the annuity, and does so fairly and efficiently. In addition, the Plan directs The Garden City Group, Inc., the firm retained by Class Counsel as the claims administrator, to distribute the net Settlement proceeds in the manner provided for in the Plan.

12. All claims in this action against Defendants are hereby dismissed with prejudice, and without costs.

13. In accordance with the Settlement Agreement, upon the Settlement's becoming final in accordance with its terms:

(a) The Hartford, and their past, present and future parents, subsidiaries,

divisions, affiliates, stockholders, officers, directors, insurers, general or limited partners, employees, brokers, agents, attorneys and any of their legal representatives, and any third party acting with or on behalf of The Hartford in the structured settlement transactions (the "Released Parties") are and shall be released and forever discharged from all manner of claims, demands, actions, suits, causes of action, damages and liabilities, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that Named Plaintiffs or any Settlement Class Members (including beneficiaries of Settlement Class Members), whether or not they object to the Settlement and whether or not they make a claim upon or receive a distribution from the Net Settlement Fund, ever had, now have, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, to the extent arising out of or relating to the claims and causes of action alleged and asserted, and any and all claims and causes of action that could have been asserted (including, but not limited to, any and all such claims and causes of action under applicable state Claim Practices Act), in this Action against The Hartford, provided that such conduct occurred or allegedly occurred prior to the date of this Settlement Agreement, except as expressly provided for in Sections 11.03 and 11.04 below (the "Released Claims"). Named Plaintiffs and each Settlement Class Member covenant and agree that each shall not sue or otherwise seek to establish or impose liability against any Released Party predicated on the Released Claims. Persons who: (i) timely and properly excluded themselves in response to the prior Notice of Pendency of Class Action; (ii) did not elect to opt back in to the Action as provided for in the Settlement Agreement; and; (iii) as a result, are recognized by the Court as being excluded from this Action, shall not be bound by the Release in this Section 11.01; nor do such excluded persons covenant and agree not to sue or

otherwise seek to establish or impose liability against any Released Party on the Released Claims.

    (b) In addition, Named Plaintiffs and each Settlement Class Member hereby expressly waive and release, upon Final Approval, any and all provisions, rights and/or benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542. <u>General Release – Claims Extinguished</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

or by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to §1542 of the California Civil Code. Named Plaintiffs and each Settlement Class Member may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the Released Claims, but Named Plaintiffs and each Settlement Class Member expressly waive and fully, finally and forever settle and release, upon Final Approval, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. For the avoidance of doubt, Named Plaintiffs and each Settlement Class Member also hereby expressly waive and fully, finally and forever settle and release any and all claims they may have against any Released Party under § 17200, et seq., of the California Business and Professions Code or any similar comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims hereby are expressly incorporated into the definition of Released Claims.

(c) The Released Claims shall not include the claims of Settlement Class Members against the Released Parties, or the Released Parties' agents or assigns, based upon the Released Parties' contractual obligation to make the payments specified in the structured settlements previously entered into between the Settlement Class Members and the Released Parties, such as claims for the late payment or non-payment of these amounts. Further, Named Plaintiffs and the Settlement Class Members do not release any claims that have been reduced to judgment in a trial court, whether or not that judgment has been resolved on appeal. Nor do they release any claims not expressly released above. The only claims released are those defined in this Settlement Agreement.

(d) To the extent that any of the Named Plaintiffs or any Settlement Class Member is an insured of The Hartford, nothing in this Release shall be deemed to alter a Named Plaintiff's or Settlement Class Member's contractual rights, including, without limitation, the right to make a future claim for benefits pursuant to the terms of any policy issued by The Hartford; provided, however, that this provision shall not entitle a Named Plaintiff or Settlement Class Member to assert claims which constitute Released Claims.

(e) Upon Final Approval, The Hartford releases and discharges each of the Named Plaintiffs and Class Counsel, and their experts, from any claims relating to the institution or prosecution of this Action. Upon Final Approval of the Settlement, each of the Named Plaintiffs and the Settlement Class members releases and discharges The Hartford and The Hartford's counsel, and their experts, from any claims relating to the defenses of this Action.

14. Class Counsel have applied for an award of attorneys' fees and reimbursement of litigation expenses. Pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, and pursuant to the factors for assessing the reasonableness of a class action fee request as set forth in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 47 (2d Cir. 2000), this Court makes the following findings of fact and conclusions of law:

  (a) the Settlement confers a monetary benefit on the Settlement Class that is substantial, both in absolute terms and when assessed in light of the risks of establishing liability and damages in this case;

  (b) there were no objections by Settlement Class members to the requested fee award of thirty percent of the Gross Settlement Fund, and the Named Plaintiffs have affirmatively expressed their support for the requested fee;

  (c) Class Counsel have effectively and efficiently prosecuted this difficult and complex action on behalf of the members of the Settlement Class for nearly five years, with no guarantee they would be compensated;

  (d) Class Counsel undertook numerous and significant risks of nonpayment in connection with the prosecution of this action;

  (e) Class Counsel have reasonably expended thousands of hours, and incurred hundreds of thousands of dollars in out of pocket expenses, in prosecuting this action, with no guarantee of recovery;

  (f) fee awards similar to the fee requested by Class Counsel here have been awarded in comparable cases of similar magnitude and risk;

(g) there was no underlying governmental investigation or action that established the bases for theories of liability asserted by Class Counsel in this action. The Settlement achieved for the benefit of the Class was obtained as a direct result of Class Counsel's skillful advocacy;

(h) the Settlement was reached following negotiations held in good faith and in the absence of collusion;

(i) the "percentage-of-the-fund" method is the customary method for calculating attorneys' fees in this Circuit in this type of common fund class action (*see, e.g., Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 122 (2d Cir. 2005), *cert den., sub. nom. Leonardo's Pizza by the Slice, Inc. v. Wal-Mart Stores, Inc.*, 544 U.S. 1044 (2005);

(j) Class members were advised in the Notice of Proposed Class Action Settlement of Class Action, which notice was approved by this Court, that Class Counsel intended to move for an award of attorneys' fees in an amount up to one-third of the Gross Settlement Fund, plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action;

(k) Class Counsel applied for an award of attorneys' fees in the amount of 30% of the Gross Settlement Fund, plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action, which application has since August 16, 2010 been on the Court docket and has also been made publicly available on the Settlement Website;

(l) the requested 30% fee award is within the applicable range of reasonable percentage fund awards in cases of comparable magnitude and risk (*see, e.g., In re Priceline.com Sec. Litig.*, No. 3:00-cv-1884 (AVC), 2007 WL 2115592 (D. Conn. Jul. 20, 2007); *In re Bisys*

*Sec. Litig.*, No. 04 Civ. 3840 (JSR), 2007 WL 2049726 (S.D.N.Y. Jul. 16, 2007); *Kurzweil v. Phillip Morris Cos., Inc.*, No. 94 Civ. 2373 (MBM), 1999 WL 1076105 (S.D.N.Y. 1999); *In re Buspirone Antitrust Litig.*, MDL No. 1413 (JGK) (S.D.N.Y. Apr. 17, 2003); *In re Wedtech Sec. Litig.*, MDL No. 735 (S.D.N.Y. Jul. 30, 1992); *In re Initial Public Offering Sec. Litig.*, 671 F.Supp.2d 467 (S.D.N.Y. 2009).)

    (m) As detailed in Class Counsel's affidavits, a thirty percent award would equate to a lodestar multiplier of approximately 3.7. An examination of recently approved multipliers in other class actions involving settlements of comparable magnitude and cases of comparable risk reveals that the multiplier requested here is well within the acceptable range (*see, e.g., In re EVCI Career Colleges Holding Corp. Sec. Litig.*, No. 05 cv 10240 (CM), 2007 WL 2230177 (S.D.N.Y. Jul. 27, 2007); *Maley v. Del Global Techs. Corp.*, 186 F.Supp.2d 358 (S.D.N.Y. 2002); *In re Linerboard Antitrust Litig.*, MDL No. 1261, 2004 WL 1221350 (E.D. Pa. June 2, 2004);

    (n) in light of the factors and findings described above, the requested 30% fee award is reasonable.

Accordingly, Class Counsel are hereby awarded attorneys' fees in the amount of $21,750,000.00 from the Gross Settlement Fund, plus 30% of any interest earned on the Settlement proceeds from the date of this Order to the date of payment. The Court finds this award to be fair and reasonable.

Further, the Court has reviewed the schedules submitted by Class Counsel detailing the litigation expenses they have incurred in connection with the prosecution of this action and for which they seek reimbursement from the Gross Settlement Fund. Class Counsel are hereby

awarded $823,467.35 out of the Gross Settlement Fund to reimburse them for the expenses they incurred in the prosecution of this lawsuit, which expenses the Court finds to be fair, and reasonably incurred to achieve the benefits to the Class obtained in the Settlement.

The awarded fees and expenses shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order, including, without limitation, the applicable time period for the payment of those fees and expenses. Class Counsel have advised the Court that they have agreed upon the allocation of the fees and expenses.

15. Neither this Settlement Order and Final Judgment, the Settlement Agreement, nor anything contained or contemplated in the Settlement Agreement or the proceedings undertaken in accordance with the terms of the Settlement Agreement, shall constitute, be construed as or deemed to be evidence, or an admission or concession by The Hartford as to the validity of any claim that has been or could have been asserted against The Hartford, or as to any liability by The Hartford as to any matter related to this Action and, conversely, shall not constitute, be construed as or deemed to be evidence, or an admission or concession by Named Plaintiffs and the Settlement Class regarding the claims that were asserted in this action, and evidence thereof shall not be discoverable, admissible or offered into evidence against any of the parties in this or any other action or proceeding.

16. Without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the Settlement, and the Settlement Agreement, including the administration and consummation of the Settlement Agreement, the Plan of Allocation, and in order to determine any issues relating to attorneys' fees and expenses and any distribution to members of the

Settlement Class. In addition, without affecting the finality of this judgment, Defendants and each member of the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including, without limitation any suit, action, proceeding or dispute relating to the release provisions herein, except that this submission to the Court's jurisdiction shall not prohibit (a) the assertion of the forum in which a claim is brought that the release included in the Settlement Agreement is a defense, in whole or in part, to such claim or, (b) in the event that such a defense is asserted in that forum, the determination of its merits in that forum.

17. The three Named Plaintiffs are each hereby awarded $25,000 out of the Gross Settlement Fund, for representing the Settlement Class throughout the pendency of this action, which amount is in addition to whatever monies these plaintiffs will receive from the Net Settlement Fund pursuant to the Plan of Allocation. The Court finds these awards to be fair and reasonable.

18. In the event the Settlement does not become final in accordance with section 7 of the Settlement Agreement, this Settlement Order and Final Judgment shall, except as expressly provided to the contrary by the Settlement Agreement, become null and void, shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided for by, and in accordance with, the Settlement Agreement.

19. Settlement Class Members, and any person actually acting or purporting to act on behalf of any Settlement Class Member, are barred and enjoined from filing, commencing, prosecuting, pursuing, maintaining or enforcing any Released Claim, including, without

limitation, in any individual, class (or putative class), representative or other action or proceeding, directly or indirectly, in any judicial, administrative, arbitral or other forum against any of the Released Parties.

20.     The Court hereby directs that this judgment be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b). The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of the Named Plaintiffs and the Settlement Class against all Defendants in this action, allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to the Class members.

SO ORDERED this the _____ day of _____, 2010.


_____
Hon. Janet C. Hall
U.S.D.C. for the District of Connecticut