UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OSHONYA SPENCER, CHARLES STRICKLAND, and DOUGLAS McDUFFIE on behalf of themselves and all others similarly situated, | : : : : : | |
| Plaintiffs, | : : | NO. 3:05cv1681 (JCH) |
| V. | : : | |
| THE HARTFORD FINANCIAL SERVICES GROUP, INC., et al | : : : | |
| Defendants. | : | APRIL 15, 2013 |

## MOTION TO ADD CLASS MEMBERS AND AUTHORIZE AN ALLOCATION OF SETTLEMENT PROCEEDS TO ADDED CLASS MEMBERS

Class Counsel respectfully move for entry of an Order adding Wade Morris and John S. Coury as members of the class certified in this action and approving an allocation of the settlement proceeds to each of them in accordance with the Plan of Allocation of the Settlement proceeds previously approved in this action on September 21, 2010. (*See* Doc. 258.)

In support of this Motion, Class Counsel submit the following:

1. Mr. Morris and Mr. Coury are attorneys who represented individuals who are members of the certified class in this action.

2. As an aspect of the settlements of their clients' claims, Mr. Morris and Mr. Coury agreed to receive attorneys' fees payable by their clients in the form of an annuity issued by defendant Hartford Life Insurance Company.

3. Mr. Morris and Mr. Coury each received notice that he was a potential class member. Each was subsequently excluded from the class because he was an attorney for a claimant(s), not the actual claimant.

4. Class Counsel have reviewed the pertinent settlement documents executed by the clients represented by Mr. Morris and Mr. Coury. In each case, the settlement agreement and settlement documentation with defendants set forth a gross amount for the client that included the amount to be paid in legal fees to Mr. Morris and Mr. Coury. The settlement documents reflect that the annuities to the attorneys were not treated separately, but rather that a commitment with respect to Mr. Morris' or Mr. Coury's annuity payments was made in the settlement documents executed by their clients.

5. Based on the specific documentation applicable to the settlements with Mr. Morris' and Mr. Coury's clients – which expressly include the annuities to Mr. Morris and Mr. Coury as components of the gross settlement agreed to by their clients – class counsel believe it is appropriate to include Mr. Morris and Mr. Coury in the certified class. Class Counsel do not seek to amend the class definition to extend to attorneys for claimants. Rather, it is Class Counsel's view that adding Mr. Morris and Mr. Coury to the class, and paying them allocations based on the value of the premiums paid on the attorneys' fees component of their clients' settlements, will have the effect of providing a full and fair distribution with respect to their clients' claims.

6. The granting of this Motion will not necessitate any adjustment to the Plan of Allocation previously approved by the Court, as there are sufficient remaining funds available for

such allocations due to the number of class members who have not been located or who have not cashed their allocation checks.

7. Counsel for defendant do not oppose the granting of this Motion, based upon the following position:

> Pursuant to section 8 of the Stipulated Settlement Agreement and Release, The Hartford paid $72.5 million into the Settlement Fund in full, complete and final settlement of the Action. Pursuant to section 5.01 of the Stipulated Settlement Agreement and Release, The Hartford provided plaintiffs' counsel with a list of Settlement Class Members, including, among other information, the premium paid for each structured settlement annuity that was purchased to fund payments to Settlement Class Members. Subsequently, the parties learned that Wade Morris, an attorney for a Settlement Class Member, claimed he should have been part of the class. After discussions between The Hartford's counsel and plaintiffs' counsel, The Hartford then provided a list of attorneys whose fees were structured with an annuity purchased from Hartford Life, identifying, among other things, the premium paid to purchase the annuity. The Hartford maintains that attorneys whose fees were structured with annuities purchased from Hartford Life are not part of the Settlement Class. However, The Hartford does not object to plaintiffs' proposal to distribute funds to attorneys Wade Morris and John S. Coury as set forth in the Motion, subject to the understanding that The Hartford is not being asked to contribute additional amounts to the Settlement Fund.

In support of this Motion, Class Counsel submit the attached Declaration of David S. Golub dated April 15, 2013.

Dated: April 15, 2013                                Respectfully submitted,

*/s/ David S. Golub   ct00145*
DAVID S. GOLUB ct 00145
JONATHAN M. LEVINE ct07584
SILVER GOLUB & TEITELL LLP
184 ATLANTIC STREET
P.O. BOX 389
STAMFORD, CT 06904
Tel:  203 325-4491
Fac.  203 325-3869
Email: dgolub@sgtlaw.com

PETER R. KAHANA phv0784
STEVEN L. BLOCH phv0786
BERGER & MONTAGUE, P.C.
1622 LOCUST STREET
PHILADELPHIA, PA  19103
Tel.  (215) 875-3000
Fac.  (215) 875-4604

CARL S. KRAVITZ phv01826
CAROLINE E. REYNOLDS phv01825
ZUCKERMAN SPAEDER LLP-DC
1800 M STREET, N.W.
WASHINGTON, DC 20036
Tel.  (202) 822-8100
Fac.  (202) 822-8106

RICHARD B. RISK, JR. phv0785
RISK LAW FIRM
3417 EAST 76TH STREET
TULSA, OK 74136
Tel.  918 494 8025

*Attorneys for the Named Plaintiffs and the Class*

## CERTIFICATION

I hereby certify that on April 15, 2013, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ David S. Golub   ct00145*
DAVID S. GOLUB ct 00145